E-FILED
Tuesday, 20 October, 2026 02:52:12 PM
Clerk, U.S. District Court, ILCD

**IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| SARA M. GUDENRATH,<br>Plaintiff,<br><br>v.<br><br>MATTHEW MCCARTY, *et al.*,<br>Defendants. | Case No. 3:25-cv-03277-JEH-RLH |

**Order**

This matter is now before the Court on Plaintiff's Motion for Default Judgment Against Defendant Matthew McCarty pursuant to Federal Rule of Civil Procedure 55. (Doc. 107). For the reasons stated below, Plaintiff's Motion is GRANTED.

**I**

On March 6, 2026, Plaintiff filed an Amended Complaint pursuant to 42 U.S.C. § 1983 against Defendant McCarty, a correctional officer at Logan Correctional Center ("Logan"). (Doc. 41). Plaintiff alleged Defendant McCarty physically and sexually assaulted her while she was incarcerated at Logan in violation of the Eighth Amendment, the Illinois Gender Violence Act (the "IGVA"), 740 ILCS 82/5 *et seq.*, and Illinois common law.[1]

On March 23, 2026, a summons and copy of the Amended Complaint were personally served on Defendant McCarty. (Doc. 47). Pursuant to the parties' agreed briefing schedule, Defendant McCarty's responsive pleading was due on July 20, 2026. (Doc. 88). All Defendants have appeared by counsel, except for

[1] Plaintiff's Amended Complaint also included claims against more than thirty other Defendants, including Illinois Department of Corrections ("IDOC") administrators and correctional officers, Prison Rape Elimination Act Incident Review Team members, and medical providers.

Defendant McCarty. The IDOC Defendants confirmed that Defendant McCarty is not represented by the Illinois Attorney General. (Doc. 102).

On August 5, 2026, Plaintiff filed a Motion for Entry of Default Judgment. (Doc. 98). Defendant McCarty did not respond. On August 20, 2026, United States Magistrate Judge Ronald L. Hanna granted the motion. *See* d/e 103. An Entry of Default was made against Defendant McCarty. (d/e 104). On September 3, 2026, Plaintiff filed a Motion for Default Judgment. (Doc. 107). Defendant McCarty's response was due on September 17, 2026, but no response was filed.

**II**

The Court finds that Defendant McCarty has failed to appear, plead to, or otherwise defend the Amended Complaint within the time period prescribed by the Federal Rules of Civil Procedure and Local Rules. Where a defendant fails to appear, default judgment as to liability is appropriate. FED. R. CIV. P. 55(a), (b); *see also In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). Before entering default judgment, however, the Court must "ensure that the Complaint adequately states a claim for which relief may be granted based on well-pleaded facts deemed admitted by Defendant['s] default." *Mobimeds, Inc. v. E-Medrx Solutions, Inc.*, No. 19-CV-3224, 2023 WL 6536190, at *3 (C.D. Ill. May 15, 2023) (citation omitted); *see also Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012) ("Upon default, the well-pled allegations of the complaint relating to liability are taken as true.").

**A**

Under § 1983, a person acting under color of state law who subjects another to the deprivation of a right secured by the Constitution is liable to the injured party. A correctional officer's sexual assault of an incarcerated person constitutes unnecessary and wanton infliction of pain in violation of the Eighth Amendment. In Count I of Plaintiff's Amended Complaint, Plaintiff alleges Defendant McCarty began grooming her by bringing gifts, allowing extra out-of-cell time, and making

sexual and suggestive comments about her appearance. (Doc. 41 at ¶¶ 98–105). Plaintiff also alleges that on or about December 17, 2023, Defendant McCarty physically and sexually assaulted her. *Id.* at ¶¶ 106, 109. With his back to the cell door—the only exit from the cell—Defendant McCarty pulled Plaintiff into his arms with her back against his chest. He began to aggressively touch Plaintiff's breasts and genitalia by putting his hand on her breast under her bra and putting his other hand under her underwear. He then penetrated her vagina with his finger. *Id*. at ¶ 109. Defendant McCarty threatened Plaintiff not to tell anyone. *Id.* at ¶¶ 111-113. Plaintiff alleges Defendant McCarty used force and threat of force to physically and sexually assault her, that this force was objectively unreasonable, meant to degrade and humiliate, and served no penological justification. *Id*. at ¶¶ 229–232. Plaintiff alleges the force was not made in a good-faith effort to maintain security or discipline, and Defendant McCarty used extreme or excessive cruelty for the purpose of inflicting harm. *Id*. at ¶¶ 231–232.

**B**

Under Illinois law, a claim for intentional infliction of emotional distress requires that the defendant's conduct was extreme and outrageous, that the defendant intended or knew there was a high probability that the conduct would cause severe emotional distress, and that the conduct did in fact cause severe emotional distress. *Id.* at ¶¶ 287–292. In Count VI, Plaintiff alleges Defendant McCarty engaged in extreme and outrageous conduct: he held Plaintiff against her will, touched her breasts and genitalia, and penetrated her vagina with his finger, all rooted in his abuse of power as a correctional officer over an incarcerated individual with diagnosed mental illness, including autism, chronic post-traumatic stress disorder ("PTSD"), and bipolar disorder. *Id*. at ¶¶ 5–6, 288. Plaintiff alleges these actions were undertaken with the intent or knowledge of a high probability of inflicting severe emotional distress, with reckless disregard for

her well-being. *Id.* at ¶¶ 289–290. Plaintiff alleges that as a direct result of Defendant McCarty's conduct, she suffered severe emotional distress, including suicidal thoughts and attempts, depression, and PTSD. On January 19, 2024, Plaintiff attempted suicide by hanging herself; she later attempted to take her own life a second time on or about March 13, 2025, and a third time in late April 2025. *Id*. at ¶¶ 117, 184, 192, 292.

**C**

The IGVA provides a civil cause of action against a person who personally commits gender-related violence, including a physical intrusion or invasion of a sexual nature under coercive conditions. 740 ILCS 82/5, 82/10. In Count VII, Plaintiff alleges Defendant McCarty's conduct constituted a physical intrusion of a sexual nature under coercive conditions because he was a correctional officer and she was in custody when the assault occurred. (Doc. 41 at ¶¶ 294–297). Defendant's conduct was on the basis of Plaintiff's sex. *Id*. at ¶ 297. Plaintiff alleges that as a direct and proximate result of Defendant's outrageous actions, her rights were violated, and she has suffered and continues to suffer severe emotional distress, suicidal thoughts and attempts, depression, and PTSD. *Id.* at ¶ 298.

The Court finds that Plaintiff's well-pleaded allegations, taken as true upon default, establish Defendant McCarty violated her rights under the Eighth Amendment by inflicting unnecessary and wanton pain through physical and sexual assault (Count I), is liable for intentional infliction of emotional distress under Illinois law (Count VI), and committed gender-related violence within the meaning of the IGVA (Count VII). Therefore, Plaintiff's Motion for Default Judgment is GRANTED.

**III**

Plaintiff does not seek a hearing regarding damages against Defendant McCarty at this time. While Defendant McCarty's liability is established by the

well-pleaded allegations, Plaintiff states her damages stem in significant part from psychological and emotional harm caused by the assault and cannot be determined by a sum certain. Plaintiff states evidence supporting those damages will include her own testimony, expert testimony, and testimony from family and friends with knowledge of how the assault has affected her.

The determination of Defendant McCarty's damages will be held in abeyance until the pending dispositive motions are resolved, the Court determines whether severance or bifurcation is warranted, and until trial against the non-defaulting Defendants. *See Arwa Chiropractic, P.C. v. Med-Care Diabetic & Med. Supplies, Inc.*, 961 F.3d 942, 948 (7th Cir. 2020) (recognizing that a court may enter default judgment as to liability and postpone determination of damages). The Court finds that deferring the damages determination will promote judicial economy by avoiding duplicative proceedings and eliminating the risk of inconsistent judgments. *See In re Uranium Antitrust Litig.*, 617 F.2d 1248, 1263 (7th Cir. 1980).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Motion for Default Judgment Against Defendant Matthew McCarty [107] is GRANTED. Default judgment is entered in favor of Plaintiff and against Defendant McCarty on Counts I, VI, and VII of the Amended Complaint. The Clerk is DIRECTED to enter judgment in favor of Plaintiff and against Defendant Matthew McCarty. The determination of damages arising from Defendant McCarty's misconduct is reserved.

*It is so ordered.*

Entered: October 20, 2026

s/Jonathan E. Hawley
U.S. District Judge